UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JORDAN FOWLER,

    Plaintiff,

vs.

STATE TROOPER RICHARD A. WEATHERWAX,
STATE TROOPER JASON K. FARNEY,

    Defendants.

-----------------------------------------------------------x

JUDGE KARAS

09 CIV. 0298

**COMPLAINT**

By and through his counsel, Michael H. Sussman, plaintiff complains of defendants as follows:

I. **PARTIES**

1. Plaintiff is a resident of the County of Dutchess, within this judicial district.

2. Defendant Richard A. Weatherwax is a New York State Trooper and the actions and omissions complained of herein occurred within this judicial district and under color of state law.

3. Defendant Jason K. Farney is a New York State Trooper and the actions and omissions complained of herein occurred within this judicial district and under color of state law.

## II. **JURISDICTION**

4. As plaintiff alleges that defendants violated his right to timely medical care and treatment as guaranteed by the Eighth Amendment to the United States Constitution, this Honorable Court has jurisdiction over this matter pursuant to 28 U.S.C. sec. 1331, 1343 (3) & (4) and 42 U.S.C. secs. 1983 and 1988.

## III. **FACTUAL ALLEGATIONS**

5. On May 6, 2008, plaintiff drove his car off of Middlebush Road in the Town of Wappinger Falls and down an embankment, striking a tree and seriously injuring himself.

6. This occurred at about 12:30 a.m.

7. This occurred within 1/8 mile of the State Police barrack which is located at the government center for the Town of Wappinger Falls on Middlebush Road.

8. As a consequence of this accident, plaintiff suffered injuries which caused him substantial and immediate pain.

9. Defendants arrived at the scene of the accident.

10. Para-medics arrived at the scene of the accident.

11. At the scene, plaintiff was bleeding profusely from various injuries sustained to his head and face, was having great difficulty breathing and was

complaining of debilitating pain.

12. Rather than allowing the para-medics to treat plaintiff at the scene of the accident and properly evacuate plaintiff from the embankment into which he and his car had descended, defendants actively prevented and disallowed the para-medics from so responding and directed them to back away from the seriously injured plaintiff.

13. Instead of permitting and facilitating needed medical attention, defendants ordered that the injured plaintiff walk up the steep embankment, cross Middlebush Road to the state police barracks.

14. During this process, plaintiff repeatedly made clear that he was in substantial pain, needed medical attention and could not proceed.

15. Defendants ignored all of this and continued to insist that plaintiff walk up two embankments and to the police station.

16. Once at the station, defendants continued to refuse to allow plaintiff to receive proper and appropriate medical attention

17. After completing paper work, which they could have done after plaintiff received proper medical attention, and after interrogating plaintiff, which also could have done later, defendants arranged for his transport to a local hospital.

18. This transport was delayed at least ninety minutes beyond the time

when any reasonably prudent police officer would have caused plaintiff to receive appropriate medical attention.

19. Moreover, during this period of delay, plaintiff was forced to exert substantial energy, walking up two embankments, across a roadway and a large field before getting to the barracks, where defendants commanded him to blow hard into a breathalyzer, an exercise which exacerbated his medical condition.

20. Said commands by defendants recklessly endangered plaintiff's well being and, when combined with the delay in medical care and treatment, exacerbated plaintiff's medical condition.

21. After reckless delays, during which plaintiff overheard defendants discussing what charges to bring against him, defendants caused plaintiff to be transported to the trauma unit at St. Francis Hospital in Poughkeepsie.

22. There, plaintiff was diagnosed with a punctured lung, internal bleeding, four broken ribs, a fractured pelvis, facial contusions and multiple injuries to the left side of his body.

23. Plaintiff remained in the hospital for six days, between May 6-12, and was unable to walk for several weeks.

24. By dint of the intentional and reckless delays in care caused by these defendants, plaintiff suffered more pain, more bleeding and an exacerbation of his

medical condition as compared to the consequences had defendants not engaged in the acts and omissions set forth above.

25. In proceeding as set forth above, defendants violated their training and engaged in reckless conduct disallowed by rule and by law.

26. By proceeding as they did, defendants caused plaintiff mental anguish, fright and apprehension and physical pain and discomfort.

## IV. **LEGAL CLAIMS]**

27. Plaintiff repeats and re-alleges paras. 1-26 as if fully re-written herein.

28. By denying plaintiff the right to timely and appropriate medical care, defendants violated his rights as provided by the Eighth Amendment to the United States Constitution.

## V. **PRAYER FOR RELIEF**

WHEREFORE, plaintiff prays that this Court take jurisdiction of this matter, empanel a jury to hear the matter, award compensatory and punitive damages to him for the intentional and sadistic conduct of these defendants, award him the attorney fee and costs arising from this matter and enter any other order it deems just and proper.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO BOX 1005
GOSHEN, NY 10924
(845)-294-3991

Dated: Goshen, New York
       December 26, 2008